■ JEWISH HOSPITAL OF BROOKLYN, Respondent, v. LEON J. DAVIS, Individually and as President of Local 1199, Retail Drug Employees Union, Affiliated with the Retail, Wholesale and Department Store Union, Appellants, et al., Defendants. (1572–1573–1574.) JEWISH HOSPITAL OF BROOKLYN, Respondent, v. LEON J. DAVIS, as President of Local 1199, Retail Drug Employees Union, Affiliated with the Retail, Wholesale and Department Store Union, et al., Appellants, et al., Defendants. (1575.) — (1572) The order of Special Term, dated May 12, 1959, denying the motion of defendants Davis and Local 1199 to set aside service of the summons is dismissed as moot, in view of the undenied personal service effected upon said defendants on May 20, 1959. (1573) The order dated May 12, 1959 granting plaintiff's motion for an injunction *pendente lite* against the union, Davis, Ayash and Goodman, is affirmed. There is a clear showing that the summons, complaint and the order to show cause bringing on the motion for the temporary injunction were

served properly and personally upon at least one of the defendants and that all of the defendants enjoined had knowledge of the restraining provisions in the order to show cause and of the injunctive relief provided in the afore-mentioned order of May 12, 1959 (cf. Civ. Prac. Act, §§ 882, 825). (1574) The order of May 27, 1959, granting plaintiff's motion to punish defendant Davis for a criminal contempt of court is affirmed. Davis did not choose to oppose the motion on the merits — a choice that was in the nature of a default. Never-theless, in view of the general nature of the factual allegations contained in plaintiff's moving papers, which were never denied, and in the exercise of discretion, Davis, if so advised, may apply within five days from service of a copy of the order to be entered herein to vacate said order holding him in contempt. He may do so upon his own affidavit, supplemented by any sup-porting affidavits, refuting the averments contained in plaintiff's moving papers to the effect that he failed to comply with the terms of the temporary injunc-tion order. During this five-day period the stay granted defendant Davis by this court is continued. Should he move in accordance with the leave herein granted, the said stay is further continued to the return date of his motion. (1575) The order of May 27, 1959 granting plaintiff's motion to punish defendants Goodman and Local 1199 for a criminal contempt of court is affirmed. The stay heretofore granted by this court is vacated as to all parties, except as hereinabove provided in relation to defendant Davis. In making these determinations the only questions reached on the appeals were those of jurisdiction and the violation of outstanding mandates of the Supreme Court. The foregoing dispositions of these four appeals are without costs to any of the parties. Concur — Botein, P. J., Breitel, Valente, Stevens and Bastow, JJ.